OPINION
{¶ 1} Defendant-appellant William K. Bailey appeals his sentence entered by the Ashland County Court of Common Pleas on one count of attempted rape, second degree felony, and one count of gross sexual imposition, a fourth degree felony. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On December 2, 2002, appellant pled guilty to one count of attempted rape and one count of gross sexual imposition. The trial court deferred sentencing and ordered a pre-sentencing report. On February 10, 2003, the court held a sentencing hearing, finding appellant committed the worst form of the offense and posed the greatest likelihood of committing future crimes. Regarding R.C. 2929.14(E), the court found consecutive prison terms necessary to punish the offender, not disproportionate to other similar sentences for similar crimes, and the harm to the victim so severe a single term would not adequately reflect the seriousness of appellant's conduct. The trial court sentenced appellant to the maximum term of eight years incarceration for the attempted rape and to the maximum term of eighteen months for the gross sexual imposition, to be served consecutively, for a total of nine years and six months.
 {¶ 3} It is from the trial court's sentence appellant appeals, raising the following assignments of error:
 {¶ 4} "I. THE IMPOSITION OF A MAXIMUM SENTENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW.
 {¶ 5} "II. THE IMPOSITION OF CONSECUTIVE SENTENCES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW."
 I {¶ 6} In his first assignment of error, appellant contends the trial court's imposition of the maximum sentence was against the manifest weight of the evidence and contrary to law. We disagree.
 {¶ 7} Pursuant to R.C. 2953.08(G), our standard of review on this issue is clear and convincing evidence. R.C. 2929.14, which governs the imposition of a maximum prison term, reads in relevant part:
 {¶ 8} "(C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 9} The trial court need only find one of the factors set forth in the statute in order to impose the maximum term. In State v. Redman,
Stark App. No. 2002CA00097, 2003-Ohio-646, this Court held:
 {¶ 10} "While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence. The trial court also must provide its reasons. As stated in R.C. 2929.19(B)(2)(d): The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 11} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term * * *
 {¶ 12} "Thus, a trial court has discretion to impose a maximum sentence if it determines one of the factors listed in R.C. 2929.14(C) exists, and it explains its reasons for imposing a maximum sentence as required by R.C. 2929.19(B)(2)(d). Accordingly, we must turn to the sentencing hearing to determine if the trial court stated its reasons for imposing the maximum sentence. If the trial court fails to provide such reasons, either orally or in the sentencing entry, the matter must be remanded for resentencing."
 {¶ 13} In finding appellant to be a sexual predator, the trial court related the offense as follows:
 {¶ 14} "* * * In particular, this involved a decision of trust. The defendant did use his relationship with the victim as her natural father to gain the trust of and access to the victim; he did perform acts of sexual misconduct upon the victim; and the defendant had to know that the victim adored him; and he violated this sacred trust as her father.
 {¶ 15} "Further, the victim was mentally retarded, was a client of the Dale-Roy Workshop, and the defendant used and abused the limited function of this adult daughter in perpetrating the multiple acts of sexual misconduct over a period of several years." Tr. at 2-3.
 {¶ 16} In sentencing appellant, the court stated:
 {¶ 17} "* * * Under the seriousness factors, under the less serious, none are present. Under the more serious, injury to the victim was worsened by the mental condition of the victim. And the victim did suffer serious psychological harm as a result of these offenses. And, further, the offender held a position of trust, and the offense was related to that position as the father of this handicapped victim.
 {¶ 18} "Pursuant to Section 2929.13(D), the court does note there is a presumption of a prison term, and that a community control sanction would not adequately protect the public and would demean the seriousness of the offense, and the court so finds.
 {¶ 19} "With regard to Section 2929.13(B), the court finds that the offender did hold this position of trust as the victim's father, that these offenses were related to that position, and further, the court notes this is a sex offense. Therefore, after weighing the seriousness and recidivism factors, a prison term is consistent with the purposes and principles of sentencing.
 {¶ 20} "Further, pursuant to Section 2929.14(B), the court finds that the minimum prison term would demean the seriousness of these offenses.
 {¶ 21} "Further, pursuant to Section 2929.14(C), the court finds that the longest prison term is appropriate as the offender has committed the worst form of these offenses and poses the greatest likelihood of reoffending." Tr. at 8-9.
 {¶ 22} We find the trial court properly stated its reasons for imposing the maximum sentence pursuant to R.C. 2929.19(B)(2)(d). The trial court imposition of the maximum sentence was supported with clear and convincing evidence.
 {¶ 23} Appellant's first assignment of error is overruled.
 II {¶ 24} In his second assignment of error, appellant argues the trial court erred in imposing consecutive sentences upon him. We agree.
 {¶ 25} At the sentencing hearing, the trial court stated:
 {¶ 26} "* * * Further, under Section 2929.14(E), the court doesfind that consecutive prison terms are necessary to punish the offender,that they are not disproportionate to other similar sentences for similarcrimes, and that the harm to the victim here is so severe that a singleprison term does not adequately reflect the seriousness of the offender'sconduct." Tr. at 9-10.
 {¶ 27} In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following: "a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense; b) the harm caused by the multiple offenses was so great or unusual no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or c) the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender." Id.
 {¶ 28} If a trial court imposes consecutive sentences, the trial court must give its reasons for imposing the given sentence. R.C.2929.19(B)(2)(c). Appellee concedes in its brief, the specific wording of R.C. 2929.14 was not used by the trial court when imposing consecutive sentences. We agree and find the trial court did not properly state the reasons for imposing consecutive service. The trial court did not set forth findings sufficient under R.C. 2929.14 to justify the imposition of consecutive sentences.
 {¶ 29} Appellant's second assignment of error is sustained.
 {¶ 30} The February 10, 2003 Judgment Entry of the Ashland County Court of Common Pleas is affirmed in part, and reversed in part and remanded for resentencing in accordance with this opinion and law.
By: Hoffman, P.J., Wise, J., and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the February 10, 2003 Judgment Entry of the Ashland County Court of Common Pleas is affirmed in part, reversed in part, and remanded for resentencing in accordance with this opinion and law. Costs assessed to appellee.